**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**BROOKLYN DIVISION**

-------------------------------------------------------------------X
ONWY UZOIGWE,

                       Plaintiff,

        vs.

CHARTER COMMUNICATIONS (DE), CHARTER
COMMUNICATIONS LLC d/b/a SPECTRUM, and
TIME WARNER CABLE INFORMATION SERVICES
(NEW YORK) LLC d/b/a TIME WARNER CABLE,

                       Defendants.
-------------------------------------------------------------------X

Case No. 1:23-cv-07383-HG-LB
Judge Hector Gonzalez

**DEFENDANT CHARTER COMMUNICATIONS, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................ 1

II. RELEVANT PROCEDURAL HISTORY .................................................................. 2

    A. Plaintiff Files This Lawsuit and Attempts to Serve Charter Via Certified Mail ..... 2

    B. Charter Removes This Lawsuit to Federal Court ....................................................... 4

III. ARGUMENT AND CITATION TO AUTHORITY ............................................... 4

    A. Standard of Review ................................................................................................ 4

    B. Removal Is Proper Under 28 U.S.C. §§ 1332, 1441 & 1446 ................................. 5

    C. Plaintiff's Arguments Are Meritless and Do Not Support Remand to
State Court ............................................................................................................... 5

        1. *The Notice of Removal Was Timely* ............................................................... 5

        2. *Charter Was Not "Properly Joined and Served" and the
Forum-Defendant Rule Is Inapplicable* ......................................................... 7

        3. *Plaintiff's Remaining Arguments Fail* ......................................................... 10

IV. CONCLUSION ...................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Agyin v. Razmzan*,
   986 F.3d 168 (2d Cir. 2021)...................................................................................................4

*Anwar v. Fairfield Greenwich Ltd.*,
   676 F. Supp. 2d 285 (S.D.N.Y. 2009).......................................................................................4

*Buggs v. Ehrnschwender*,
   968 F.2d 1544 (2d Cir. 1992).....................................................................................................8

*Burr ex rel. Burr v. Toyota Motor Credit Co.*,
   478 F. Supp. 2d 432 (S.D.N.Y. 2006).......................................................................................6

*Dominguez v. Stimpson Mfg. Corp.*,
   616 N.Y.S.2d 221 (1994)...........................................................................................................8

*Elliot-Leach v. N.Y.C. Dep't of Educ.*,
   201 F. Supp. 3d 238 (E.D.N.Y. 2016), *aff'd*, 710 F. App'x 449 (2d Cir. 2017)........................6

*Gibbons v. Bristol-Myers Squibb Co.*,
   919 F.3d 699 (2d Cir. 2019).......................................................................................................7

*Jacobson v. Healthcare Financial Services, Inc.*,
   516 F.3d 85 (2d Cir. 2008).........................................................................................................6

*Kostelanetz & Fink, L.L.P. v. Hui Qun Zhao*,
   694 N.Y.S.2d 285 (N.Y. Civ. Ct. 1999)..................................................................................7, 9

*Mogul v. N.Y. Pub. Radio*,
   No. 21-CV-5882 (CM), 2022 WL 814356 (S.D.N.Y. Mar. 17, 2022) ......................................6

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
   526 U.S. 344 (1999)...................................................................................................................6

*O'Hara v. Cohen-Sanchez*,
   No. 22-CV-6209, 2023 WL 5979176 (E.D.N.Y. Aug. 28, 2023) .............................................6

*Profit v. Americold Logistics, LLC*,
   248 F.R.D. 293 (N.D. Ga. 2008)..............................................................................................10

*Stop & Shop Supermarket Co. LLC v. Goldsmith*,
   No 10-cv-3052 (KMK), 2011 WL 1236121 (S.D.N.Y. Mar. 31, 2011)...................................7

*Sutraban v. Worsley*,
    No. 22 CIV. 5293 (VMS), 2023 WL 2742236 (E.D.N.Y. Mar. 30, 2023) ............................. 11

*Terrell v. NBC Universal Media LLC*,
    No. 18-CV-2354, 2019 WL 3206131 (E.D.N.Y. July 16, 2019) ............................................ 10

*Vitiello v. JTJ Contracting*,
    No. 15-CV-4635, 2016 WL 1239259 (E.D.N.Y. Mar. 29, 2016) .......................................... 11

*Weaver v. New York*,
    7 F. Supp. 2d 234 (W.D.N.Y. 1998) .................................................................................... 7

*Williams v. Connell*,
    No. 12CIV3593SLTVVP, 2017 WL 2829686 (E.D.N.Y. June 29, 2017) .............................. 3

**Statutes**

15 U.S.C. § 1692g ................................................................................................................... 6

28 U.S.C. § 1332 ................................................................................................................. 4, 5

28 U.S.C. § 1441 .............................................................................................................. 4, 5, 7

28 U.S.C. §1446 ..................................................................................... 1, 3, 4, 5, 6, 10, 11

Fair Debt Collection Practices Act ........................................................................................ 6

N.Y. Ltd. Liab. Co. Law § 303(b) ........................................................................................ 9

**Other Authorities**

C.P.L.R. 312–A ............................................................................................................. 7, 8, 9

Fed. R. Civ. P. 4 ................................................................................................................ 9, 10

Fed. R. Civ P. 6(a) ............................................................................................................. 1, 5

Fed. R. Civ. P. 8(a) ................................................................................................................ 4

N.Y.C.P.L.R. § 308 ................................................................................................................ 3

N.Y.C.P.L.R. § 312-a ............................................................................................................. 7

N.Y.C.P.L.R. § 503 .............................................................................................................. 11

New York City Administrative Code § 20-1262(c)(4) ........................................................ 3

## I. INTRODUCTION

Pursuant to the Court's Scheduling Order dated October 21, 2023, Defendant Charter Communications, LLC ("Defendant" or "Charter") hereby submits its opposition to *pro se* Plaintiff Onwy Uzoigwe's Motion to Remand. This Court must summarily deny Plaintiff's Motion, as he has failed to identify any basis for remand or otherwise rebut Charter's affirmative showing that removal was proper and that this Court has jurisdiction over this case.

First, Plaintiff's assertion that Charter's Notice of Removal was untimely fails because it is based on the erroneous premise that 28 U.S.C. § 1446's requirement that removal occur "within 30 days" after receipt of the initial pleading means that the notice must be filed by the end of the twenty-ninth day. This is incorrect, and Plaintiff cites no law to support his position, nor could he. Charter filed its Notice of Removal on the thirtieth day following its receipt of the summons and complaint via certified mail, and it was therefore timely under controlling law and Rule 6(a) of the Federal Rules of Civil Procedure, which expressly directs parties to "include the last day of the period" when calculating a deadline specified in days—which here, would be the thirtieth day.

Second, Plaintiff's contention that Charter was, in fact, properly joined and served prior to removal (such that the forum-defendant rule would have applied) is similarly contrary to well-established law. That is, under New York law, service by certified mail is not complete until and unless the defendant returns the signed acknowledgment of receipt to the sender. Because Charter did not return the signed acknowledgement prior to removal, service was not complete upon removal, and Charter therefore was not "properly joined and served" under § 1446 on the date of removal. Plaintiff's alternative arguments that he somehow perfected service on Charter under the Federal Rules of Civil Procedure, or that Charter acknowledged service by filing its Notice of Removal, are equally unavailing. Plaintiff's purported "service under the Federal Rules" theory,

even if legally viable, fails because his multiple attempts to *mail* Charter a copy of the summons and complaint were not effective under the Federal Rules for the same reason they were not effective under New York law: Charter did not sign and return an acknowledgement of service waiving personal service. And the law is clear that Charter's Notice of Removal—which affirmatively alleges that it was *not* properly served—is not a substitute for a signed acknowledgment form.

Finally, Plaintiff's remaining arguments that Charter's Notice of Removal was otherwise procedurally defective and that Removal was not "necessary" also suffer from legal deficiencies. Preliminarily, the removal statute requires a removing party to provide the Court with copies of all documents *served* on it. Here, Plaintiff did not *serve* Charter with *any* documents—rather, Plaintiff mailed those documents without perfecting service. But even assuming that Charter was required to file copies of all documents Plaintiff *sent to* it, any alleged failure to do so was a plainly curable procedural defect (not a substantive one sufficient to strip the Court of jurisdiction). And Charter has cured any such defect by providing the Court with copies of all documents and media that it received from Plaintiff via mail. Moreover, Plaintiff's insistence that removal was "not necessary" is not a proper basis for remand. That this case could have remained in state court is irrelevant to whether this Court may properly exercise jurisdiction over the case.

For all these reasons, and as explained in more detail below, remand is improper and this Court should deny Plaintiff's Motion.

## II. RELEVANT PROCEDURAL HISTORY

### A. Plaintiff Files This Lawsuit and Attempts to Serve Charter Via Certified Mail

On or about August 23, 2023, Plaintiff Onwy Uzoigwe ("Plaintiff"), proceeding *pro se*, commenced the above-styled action by filing a Complaint and Jury Demand ("Complaint") in the Supreme Court for the State of New York, County of Queens, Index No. 717511/2023. (ECF 1-1

at 2.) The Complaint named Defendant Charter Communications, LLC as well as two other entities, identified in the Complaint as "Charter Communications (DE)" and "Time Warner Cable Information Services (New York) LLC d/b/a Time Warner Cable."[1] (ECF 1-1 at 3.) The Complaint purports to assert causes of action for breach of contract, retaliation in violation of New York City Administrative Code § 20-1262(c)(4), and negligence. (*See generally* ECF 1-1 at 3–14.)

Plaintiff attempted to serve Charter's registered agent with a copy of the Summons and Complaint by sending the documents via certified mail on August 24, 2023. (ECF 1 at 2; ECF 10 at 18–19.) Charter's registered agent received the Summons and Complaint via certified mail on August 28, 2023. (ECF 1 at 2; ECF 10 at 17–19.) On September 12, 2023, Plaintiff ineffectively attempted to serve Charter again, this time by having a third party, Yves Vagary, mail another copy of the Summons and Complaint to Charter. (ECF 1-1 at 26–27.) Mr. Vagary then executed an improper Affidavit of Service, which he filed with the Queens County Superior Court on September 19, 2023.[2] (ECF 1-1 at 23–25.)

---

[1] Although the Complaint names additional defendants that never employed Plaintiff, those defendants, like Charter, were not "properly joined and served" under New York law. Thus, the so-called "rule of unanimity" does not apply, and their consent to removal was not required. *See Williams v. Connell*, No. 12CIV3593SLTVVP, 2017 WL 2829686, at *4 (E.D.N.Y. June 29, 2017) ("As the statutory language makes clear, the rule of unanimity only applies to 'defendants who have been *properly joined and served*' at the time of the notice of removal. Unsurprisingly, courts therefore recognize that the consent requirement imposed by section 1446(b)(2)(A) only applies to defendants who have been 'properly served' at the time of removal." (emphasis in original)). Notwithstanding, Charter represents to the Court that had those two defendants been properly joined and served, they would consent to removal as well.

[2] As the Affidavit of Service itself reflects, it is to be completed by an individual who *personally* serves a defendant in a civil action. While the Affidavit includes a section where the affiant can attest that he "***also*** enclosed a copy of the above papers in a postpaid . . . sealed envelope properly addressed to defendant," that section is only to be used ***in conjunction with*** in-person substituted service. (ECF 1-1 at 24–25 (emphasis added)); *see* N.Y.C.P.L.R. § 308 (permitting substituted service by delivering summons and complaint "to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served ***and*** by . . . mailing the summons to the person to be served at his or her last known residence.").

3

**B.     Charter Removes This Lawsuit to Federal Court**

On September 27, 2023, thirty days after Charter's registered agent received the first copy of the Summons and Complaint that Plaintiff sent via certified mail, Charter removed this action to federal court pursuant to 28 U.S.C. §§ 1332, 1411, and 1446. (*See generally* ECF 1.) In addition to demonstrating that this Court has jurisdiction and that removal was procedurally proper, Charter explained that, although Charter is a resident of New York, the non-jurisdictional forum-defendant rule did not apply because Charter had not yet been properly joined and served. (ECF 1 at 6–7.)

Plaintiff then filed the instant Motion to Remand, which this Court construed as a request for a pre-motion conference pursuant to Section IV(A)(5) of the Court's Individual Motion Practices and Rules. (ECF 10.) Charter submitted its letter response to Plaintiff's Motion and now submits this opposition brief pursuant to the Court's Order setting a briefing schedule. (ECF 14.)

### III.     ARGUMENT AND CITATION TO AUTHORITY

**A.     Standard of Review**

Under the federal removal statute, 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "On a motion to remand, the party seeking removal bears the burden of establishing to a 'reasonable probability' that removal is proper." *Anwar v. Fairfield Greenwich Ltd.*, 676 F. Supp. 2d 285, 292 (S.D.N.Y. 2009) (citations omitted). Indeed, Charter was only required to plead a "short and plain statement of the grounds for removal," as courts apply the same pleading standard in Rule 8(a) of the Federal Rules of Civil Procedure to Notices of Removal. *Agyin v. Razmzan*, 986 F.3d 168, 180–81 (2d Cir. 2021).

**B.      Removal Is Proper Under 28 U.S.C. §§ 1332, 1441, and 1446**

As Charter demonstrated in its Notice of Removal, this Court has federal diversity jurisdiction over this claim as set forth in 28 U.S.C. § 1332, as: (1) complete diversity of citizenship exists; and (2) the amount in controversy exceeds $75,000. Furthermore, Charter's removal was timely, and the remaining procedural prerequisites for removal have been satisfied. *See* 28 U.S.C. §§ 1441, 1446.

Plaintiff does not dispute that this Court would have original jurisdiction over this case under § 1332. That is, he does not argue that § 1332's diversity-of-citizenship or amount-in-controversy requirements are not met. Instead, he argues that: (1) the Notice of Removal was not timely; (2) that he properly joined and served Charter prior to removal; and (3) the removal was otherwise procedurally improper or "not necessary." (*See generally* ECF 10.) All of these arguments fail, as they lack any basis in law or fact.

**C.      Plaintiff's Arguments Are Meritless and Do Not Support Remand to State Court**

*1.      The Notice of Removal Was Timely*

Plaintiff first argues that Charter's Notice of Removal was untimely despite conceding that Charter "received" the summons and complaint on August 28, 2023, and filed its Notice of Removal thirty days later on September 27, 2023. (ECF 10 at 4–5.) Plaintiff's argument is based on his erroneous assertion that § 1446's requirement that a notice of removal be filed "within 30 days" after receipt of the initial pleading means that the notice must be filed by the end of the twenty-ninth day. (ECF 10 at 4–5.) Plaintiff's position is without merit.

Rule 6(a) of the Federal Rules of Civil Procedure debunks Plaintiff's argument, as it specifically instructs parties calculating a time period stated in days to "include the last day of the period." Fed. R. Civ. P. 6(a)(C). This necessarily would require a party to include the thirtieth day when calculating the time period for removal specifically stated in § 1446. Moreover, case

5

law specifically construing § 1446(b)(2) uniformly confirms that a notice of removal is timely if filed on the thirtieth day. *See, e.g.*, *Elliot-Leach v. N.Y.C. Dep't of Educ.*, 201 F. Supp. 3d 238, 242–43 (E.D.N.Y. 2016), *aff'd*, 710 F. App'x 449 (2d Cir. 2017) (confirming notice of removal timely when filed on "the thirtieth day" as calculated pursuant to Fed. R. Civ. P. 6(a)(1)); *Burr ex rel. Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 439 (S.D.N.Y. 2006) ("[Defendant] had to file for removal no later than the thirtieth day after it was served."). Thus, there is no dispute that Charter's Notice of Removal was timely.[3]

The lone case Plaintiff cites in support of his untimeliness argument, *Jacobson v. Healthcare Financial Services, Inc.*, does not involve § 1446(b)(2), nor does it stand for the proposition that "within 30 days" means "by the end of the twenty-ninth day." 516 F.3d 85 (2d Cir. 2008). That case involved the Fair Debt Collection Practices Act and its requirement that a notice of debt inform the debtor that they can dispute the debt "within 30 days." *Id.* at 93–94 (citing 15 U.S.C. § 1692g). The court held that a notice informing a debtor that the notice of dispute "must be received by the thirtieth day" was improper, as the statute only required that the notice be mailed by the thirtieth day. *Jacobson*, 516 F.3d at 93–94. Thus, if anything, *Jacobson* actually *confirms* that when "within 30 days" appears in a statute, it means by the thirtieth day.

---

[3] Under New York law, the 30-day period for removal never even started to run regardless of Charter's *de facto* "receipt" of the Complaint. *See O'Hara v. Cohen-Sanchez*, No. 22-CV-6209, 2023 WL 5979176, at *4 (E.D.N.Y. Aug. 28, 2023) ("[T]he removal period under 28 U.S.C. §1446 does not commence until proper service has been effectuated under New York state law."); *Mogul v. N.Y. Pub. Radio*, No. 21-CV-5882 (CM), 2022 WL 814356, at *4 (S.D.N.Y. Mar. 17, 2022) (finding 30-day period for removal did not start "until Defendants timely returned the Acknowledgement of Receipt to its sender" because "[t]he Supreme Court directs that despite the statutory language of 'through service or otherwise,' the clock for removal runs from formal 'service of process (or waiver of service by the defendant)'" (quoting *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 356 (1999))). Nonetheless, out of an abundance of caution, Charter still filed its removal papers within 30 days of receiving Plaintiff's Complaint via certified mail.

As such, Plaintiff's timeliness argument fails.

### 2. *Charter Was Not "Properly Joined and Served" and the Forum-Defendant Rule Is Inapplicable*

Next, Plaintiff contends Charter was "properly joined and served" prior to filing the Notice of Removal, such that the exception to the non-jurisdictional forum-defendant rule—which permits a home-state defendant to remove a case based on diversity jurisdiction before proper service—does not apply. (ECF 10 at 5–9.) Plaintiff does not dispute, nor could he, that if service was not complete as of the date of removal, § 1441(b)(2)'s forum-defendant rule is inapplicable. *See Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019) (holding home-state defendant authorized to remove to federal court on basis of diversity before proper service); *Stop & Shop Supermarket Co. LLC v. Goldsmith*, No 10-cv-3052 (KMK), 2011 WL 1236121, at *6 (S.D.N.Y. Mar. 31, 2011) (denying motion to remand and holding exception to forum defendant rule satisfied where removal filed before service under New York law). Instead, he argues that he somehow effectuated proper service. However, his arguments fail as they are contrary to law.

First, Plaintiff argues that his certified mailing of the acknowledgement of receipt form effectuated service, and that Charter's failure to return the form prior to removal is irrelevant. (ECF 10 at 5–7.) To the contrary, the New York Civil Practice Law is unequivocal that when a plaintiff attempts personal service by certified mail, the defendant:

> must complete the acknowledgement of receipt and mail or deliver one copy of it within thirty (30) days from the date of receipt. ***Service is complete on the date the signed acknowledgement of receipt is mailed or delivered to the sender.*** The signed acknowledgement of receipt shall constitute proof of service.

N.Y.C.P.L.R. § 312-a(b) (emphasis added); *see also Weaver v. New Y*ork, 7 F. Supp. 2d 234, 236 (W.D.N.Y. 1998) (service incomplete prior to defendant's return of acknowledgment because "service by mail under C.P.L.R. § 312-a is only effective when used in conjunction with a statement of service by mail and acknowledgment of receipt"); *Kostelanetz & Fink, L.L.P. v. Hui*

7

*Qun Zhao*, 694 N.Y.S.2d 285, 288 (N.Y. Civ. Ct. 1999) (service incomplete where Defendant did not return acknowledgement of receipt within 30 days). Thus, as Charter demonstrated in its Notice of Removal, it is not Charter's *receipt* of the Summons, Complaint, or acknowledgement form that perfects service under New York law: it is Charter's formal *acknowledgment* of that receipt (by mailing the signed form to Plaintiff).

Notwithstanding this controlling law, Plaintiff cherry-picks language from N.Y.C.P.L.R. § 312-a, out of context, to argue that service is automatically perfected after thirty days if a defendant fails to complete and return the acknowledgment of service form within thirty days. (ECF 10 at 5–7.) He also suggests that the fact that he included a "statement of service by mail" and "acknowledgement documents" along with the Summons and Complaint he mailed to Charter's registered agent means that service was complete. (ECF 10 at 7–8.) But the same statute on which Plaintiff relies refutes his arguments, as it unambiguously states that if a defendant does not return an acknowledgment form, service is not complete. N.Y.C.P.L.R § 312-a(b). That is, the statute specifies the outcome of a defendant's failure to return the acknowledgement form—a plaintiff must then personally serve the defendant, who "will be required to pay expenses incurred." *Id.* § 312-a(d); *see also Buggs v. Ehrnschwender*, 968 F.2d 1544, 1549 (2d Cir. 1992) ("Failure of service under Section 312–a obliged [Plaintiff] to resort to other methods of service under Article 3 of N.Y.C.P.L.R., which he failed to do."). Therefore, Charter's failure to return the acknowledgment form only shifted the burden to Plaintiff to *personally* serve the Summons and Complaint—something Charter was entitled to insist upon—and entitled him to seek costs from Charter in doing so. *See Dominguez v. Stimpson Mfg. Corp.*, 616 N.Y.S.2d 221, 222 (1994) ("The mailing of process pursuant to CPLR 312–A does not effect personal service. If the acknowledgment of receipt is not mailed or returned to the sender, the sender is required to effect

personal service in another manner." (cleaned up)). It did not, as Plaintiff suggests, somehow perfect service, such that the forum-defendant rule would have prevented removal.

Second, Plaintiff suggests service was perfected when Charter filed its Notice of Removal. Plaintiff's own cited authority contradicts this position, as it confirms that a responsive pleading—particularly one that "affirmatively alleges" that the defendant "was not properly served"—cannot "be equated with" or "be accepted in lieu of" the proper "acknowledgment-of-receipt form prescribed by C.P.L.R. § 312-a(d)." *Kostelanetz*, 694 N.Y.S.2d at 289. Here, Charter's Notice of Removal specifically states that Charter had not been properly served as of the date of removal, destroying Plaintiff's protestations concerning service. (ECF 1 ¶¶ 3–6.)

Third, Plaintiff asserts that "the subsequent service" by a Mr. Vagary via certified mail on September 12, 2023, was "successful" such that Charter was served prior to removal. (ECF 10 at 8–9.) Plaintiff premises this argument on his erroneous contention that he could effectuate service in any manner "permitted by law," N.Y. Ltd. Liab. Co. Law § 303(b), and that because this service was made pursuant to the Federal Rules of Civil Procedure ("FRCP"), proper service was effectuated.[4] However, even assuming Plaintiff could have served his complaint under the FRCP, Mr. Vagary again *mailed* the Summons and Complaint to Charter's registered agent.[5] (ECF 1-1 at

---

[4] Plaintiff's remand motion refers to FRCP 4(e)(2)(C), which permits substituted service on an *individual* and therefore would apply to Charter even assuming Plaintiff could perfect service pursuant to the FRCP. (ECF 10 at 3); Fed. R. Civ. P. 4(e)(2)(C) (providing "an individual" may be served by "delivering a copy of [the summons and complaint] to an agent authorized by appointment or by law to receive service of process"). He also refers to FRCP 4(l) which provides methods of "[p]roving service" under federal law. (ECF 10 at 3.) For purposes of responding to Plaintiff's Motion, Charter assumes that Plaintiff's statement that he "used a method provided for from the FRCP" means that he attempted to serve Charter in compliance with FRCP 4(h), which applies to service on a "corporation, or a partnership or other unincorporated association." To the extent that Plaintiff claims he perfected service under FRCP 4(e)(2), as his Motion suggests, that argument fails for the simple reason that Charter is not an "individual" who can be served by substituted service under that subsection.

[5] As discussed above, Mr. Vagary's Affidavit of Service dated September 19, 2023 is improper

23–27.) As with New York law, service by mail on an LLC is *not* complete under the FRCP absent the LLC returning a completed waiver of service form. *See Terrell v. NBC Universal Media LLC*, No. 18-CV-2354, 2019 WL 3206131, at *2 (E.D.N.Y. July 16, 2019) ("Service of a summons and complaint on a[n] [LLC] by certified mail does not satisfy the requirements of Rule 4(h)(1) or the [N.Y.C.P.L.R.]"); *see also* Fed. R. Civ. P. 4(d), (h)(1); *see also Profit v. Americold Logistics, LLC*, 248 F.R.D. 293, 295 (N.D. Ga. 2008) ("Under the federal method of effecting service, service by mail upon a corporation may be accomplished only where the defendant, after receiving the plaintiff's request for waiver of service, executes an acknowledgment of service indicating its waiver of personal service of process."). In other words, Plaintiff's second attempt at service was ineffective under federal law for the same reason his first attempt at service was ineffective under New York law: Charter did not return a signed acknowledgment of service form that waived in-person service on its registered agent.

In short, Plaintiff cannot rebut Charter's showing that it was not "properly joined and served" at the time of removal, and therefore the forum-defendant rule did not preclude removal.

### 3. *Plaintiff's Remaining Arguments Fail*

Plaintiff's remaining arguments—that Charter omitted filings from its notice of Removal and that removal is not "necessary"—fare no better. (ECF 10 at 9–11.)

First, Plaintiff seeks remand on the flawed allegation that Charter did not include a copy of "the Acknowledgment documents" and/or "the physical flash drive" with its Notice of Removal. (ECF at 9–10.) Section 1446 requires a removing party to include with its removal papers "a copy of all process, pleadings, and orders *served* upon such defendant." 28 U.S.C. § 1446 (a) (emphasis

---

and does not establish that Charter was properly served prior to removal. The Affidavit of Service form is to be completed by an individual who *personally* serves a party or its representative, while Mr. Vagary simply mailed the documents to Charter's registered agent. (ECF 1-1 at 23–27.)

added). But, as discussed above, Plaintiff did not properly serve Charter with *any* documents, and, moreover, the acknowledgement form is not a process, pleading, or order. Notwithstanding, a party's failure to attach the required documents to its removal papers is a curable procedural defect, not a jurisdictional defect warranting remand. *Sutraban v. Worsley*, No. 22 CIV. 5293 (VMS), 2023 WL 2742236, at *3 (E.D.N.Y. Mar. 30, 2023) (omission of state court papers curable procedural defect); *see also* 28 U.S.C. § 1446(a); *Vitiello v. JTJ Contracting*, No. 15-CV-4635, 2016 WL 1239259, at *3 (E.D.N.Y. Mar. 29, 2016) (remand "not warranted" where defendants included documents "from which this Court has determined that it may properly exercise jurisdiction over this case").[6]

Nor is Plaintiff's assertion that removal was not "necessary" a basis for a motion to remand. Plaintiff cites no authority in support of his position other than a statute prescribing the proper venue under New York civil procedure. (ECF 10 at 10 (citing N.Y.C.P.L.R. § 503 (addressing "[v]enue based on residence")).) That this case could have remained in state court cannot and does not preclude this Court from exercising jurisdiction over this case, which Charter has shown it may properly do, nor does it mean that removal was otherwise improper.

As such, Plaintiff has again failed to establish any legitimate basis for this Court to remand the action to New York Supreme Court.

## IV.  CONCLUSION

For all of the reasons set forth above, as well as those laid out in Charter's Notice of Removal, Charter respectfully requests that the Court deny Plaintiff's Motion to Remand.

DATED:    November 10, 2023

---

[6] Charter has since provided the Court with all documents Plaintiff mailed to Charter's registered agent with its Letter Response to Plaintiff's construed request for a pre-motion conference on his Motion to Remand. (ECF 14-1.)

11

**KABAT CHAPMAN & OZMER LLP**

*By:*   */s/ Michael D. Kabat*
Michael D. Kabat
NY State Bar No. 836784
mkabat@kcozlaw.com
171 17th Street NW, Suite 1550
Atlanta, Georgia 30363
Phone: (404) 400-7300
Fax: (404) 400-7333

*Attorneys for Defendant Charter Communications LLC*

**CERTIFICATE OF SERVICE**

A copy of the foregoing has been served on Plaintiff via Certified U.S. Mail, return receipt requested, at the following address:

Onwy Uzoigwe
7400 Brixworth Court, Apt. 104
Windsor Mill, MD 21244

DATED:     November 10, 2023

<u>  <i>/s/ Michael D. Kabat</i>    </u>
Michael D. Kabat