UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ONWY UZOIGWE,

                Plaintiff,

        v.

CHARTER COMMUNICATIONS, LLC,

                Defendant.

**MEMORANDUM & ORDER**
23-CV-07383 (HG) (LB)

**HECTOR GONZALEZ**, United States District Judge:

This employment-related action was commenced *pro se* by plaintiff Onwy Uzoigwe in Queens County Supreme Court on August 23, 2023. ECF No. 1-1 (Complaint). In his complaint, Plaintiff alleges that Defendant Charter Communications, LLC (hereinafter "Charter" or "Defendant") wrongfully terminated his employment as a field technician with Charter.[1] *Id.* ¶ 6. Plaintiff asserts only New York law-based causes of action. *Id*. ¶¶ 32-40.

Charter removed the case to this Court on September 27, 2023, based on diversity jurisdiction. ECF No. 1 (Notice of Removal). Thereafter, on October 6, 2023, Plaintiff moved to remand the case to Queens County Supreme Court alleging that: (i) the notice of removal was untimely because the removal statute's requirement that removal occur within 30 days of service

---

[1] Plaintiff names Charter Communications (DE), Charter Communications, LLC d/b/a Spectrum, and Time Warner Cable Information Services (New York) LLC d/b/a Time Warner Cable as Defendants in his Complaint. ECF No. 1-1 at 1. Although Defendant Charter asserts that the other named Defendants would have consented to removal, their consent to removal was not required because they were not "properly joined and served" under New York law. ECF 21 (Opposition Brief) at 7 n.1; *see also Omni Elevator Corp. v. Int'l Union of Elevator Constructors & Its Loc. 27 Affiliate*, No. 19-cv-6778, 2021 WL 3810413, at *3 (W.D.N.Y. Aug. 26, 2021) ("Courts have excused compliance with the rule of unanimity where, for example . . . the non-joining defendants have not been served with service of process at the time the removal petition is filed.").

means that the notice of removal needed to be filed by the end of the twenty-ninth day following service, *see* ECF No. 10 (Motion to Remand) at 4-5; (ii) the forum-defendant rule precludes removal because Defendant had been properly served before removal, *id*. at 5-9; (iii) the removal notice omitted filings from the state court action, *id*. at 9-10; and (iv) removal is "not necessary," *id*. at 10-11.[2]  Defendant opposed the motion.  ECF No. 21 (Opposition Brief).  For the reasons set forth herein, the Court denies Plaintiff's motion to remand.

## LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).[3]  "The defendant, as the party seeking removal and asserting federal jurisdiction, bears the burden of demonstrating that the district court has original jurisdiction." *McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 145 (2d Cir. 2017).[4]  To effect removal, a defendant must act promptly. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by

---

[2]  The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

[3]  Plaintiff does not dispute Defendant's assertion that diversity jurisdiction otherwise exists because the amount in controversy exceeds $75,000, *see* ECF No. 1 (Notice of Removal) ¶¶ 21-22, and the parties are citizens of different states – Plaintiff is a citizen of Maryland, *id*. ¶ 8; ECF 1-1 at 14, and Defendant, as a limited liability company, is a citizen of Connecticut, Delaware, Missouri, and New York, *see* ECF No. 1 ¶¶ 9-11.  For the purpose of diversity jurisdiction, a limited liability company is considered a citizen of each state where its members are citizens. *See Castillo Grand, LLC v. Sheraton Operating Corp.*, 719 F.3d 120, 122 (2d Cir. 2013).

[4]  Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

2

the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

When diversity jurisdiction is the sole ground for federal court jurisdiction, the action is not removable "if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). This restriction on removal when there is an in-state defendant is known as the forum-defendant rule. *See Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704-05 (2d Cir. 2019). In other words, where, as here, an in-state defendant removes an action to federal court before it was properly served in the state court action, the forum-defendant rule does not foreclose removal. *See Gibbons*, 919 F.3d at 704-07.

## DISCUSSION

The main thrust of Plaintiff's motion to remand is that Defendant was properly served before removal was effectuated and that, therefore, the forum-defendant rule divests this Court of subject matter jurisdiction. ECF No. 10 at 5-9.[5] Charter argues that under Section 312-a(b)(1) of New York's Civil Practice Law and Rules ("CPLR"), where the method of service is by mail, as was the case here, service is not complete until the receiving party mails or delivers "the signed acknowledgment of receipt." CPLR § 312-a(b)(1); ECF No. 21 at 7-8.

According to Charter, at the time it filed its notice of removal, it had not returned the acknowledgment of receipt of the summons and complaint as required by the CPLR to effectuate service by mail under New York law. ECF No. 1 ¶ 5. Consequently, Charter had not been

---

[5] While Plaintiff does not specifically reference the forum-defendant rule, the Court construes his discussion regarding the manner of service, *see* ECF No. 10 at 5-9, as an argument that the forum-defendant rule mandates remand because Defendant removed the case after allegedly being properly served.

3

properly served. *See Speedfit LLC v. Woodway USA, Inc.*, 642 F. Supp. 3d 429, 439 (S.D.N.Y. 2022) (noting that service under CPLR § 312-a(b)(1) is complete only after the acknowledgment of receipt has been returned by defendant).[6]  Plaintiff acknowledges as much in his motion by stating that "Defendant obstructed justice when they declined returning the Acknowledgment Documents back to Plaintiff that was properly sent to them."  ECF No. 10 at 7.  Plaintiff misconstrues the language of Section 312-a, however, when he goes on to argue that Defendant was under a legal obligation to return the acknowledgment form upon receipt of the mailed copies of the summons and complaint.  *Id*. at 8-9.  Rather, the CPLR obviously contemplates that a defendant may choose not to return the acknowledgment form by noting in Section 312-a(f) that "[w]here the signed acknowledgment of receipt is not returned within thirty (30) days after receipt of the documents mailed pursuant to subdivision (a) of this section, the reasonable expense of serving process by an alternative method shall be taxed by the court . . . as a disbursement to the party serving process . . . ."  While Plaintiff contends that Defendant's failure to return the acknowledgement is sanctionable conduct because of its "obstruction, circumvention, and disregard of the governmental process," *see* ECF No. 10 at 9, the only "penalty to the defendant for not acknowledging" receipt is the imposition of expenses related to the alternative service method.  *See* Siegel & Connors, N.Y. Prac. § 76A at 151 (6th ed 2018 & Supp. 2023).  Here, since "it is undisputed that the [D]efendant[] removed the case[] before [it was] properly served[,] [a] plain reading of the forum defendant rule . . . permitted that removal." *Cheung v. Bristol-Myers Squibb Co.*, 282 F. Supp. 3d 638, 642 (S.D.N.Y. 2017), *aff'd sub nom.*

---

[6]  Federal courts apply state law to determine whether service was proper prior to removal. *See Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 383 (S.D.N.Y. 2006).

*Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699 (2d Cir. 2019).  Thus, Defendant has met its burden of proving that removal was proper under these circumstances.[7]

## CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's request to remand this case to state court.  *See* ECF No. 10.

SO ORDERED.

                                                 */s/ Hector Gonzalez*
                                                 HECTOR GONZALEZ
                                                 United States District Judge

Dated: Brooklyn, New York
        November 22, 2023

---

[7] Plaintiff further contends that the Notice of Removal was untimely despite conceding that Defendant "received" the summons and complaint on August 28, 2023, and filed the notice 30 days later, on September 27, 2023.  ECF No. 10 at 4.  Plaintiff misconstrues the language of 28 U.S.C. § 1446(b) requiring removal "within 30 days after the receipt by the defendant" of a copy of the pleadings and argues that "within 30 days" means that removal had to occur prior to the thirtieth day.  ECF No. 10 at 4-5.  To the contrary, as long as the notice of removal is filed on the thirtieth day, it is timely.  *See Bliss v. United Parcel Serv., Inc.*, No. 23-cv-47, 2023 WL 4540532, at *4 (D. Vt. July 14, 2023) (removal timely when notice filed on thirtieth day).  Moreover, because the Court has already concluded that Defendant did not return the service acknowledgement form, and therefore had not been properly served at the time of removal, the 30-day clock under § 1446(b) never began to run.  *Id.* at *4 ("The thirty-day removal period under 28 U.S.C. § 1446 does not begin to run until a defendant is formally served or elects to waive service.").  Finally, the remaining arguments raised by Plaintiff not addressed herein are without merit.