UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ONWY UZOIGWE,

              Plaintiff,

          v.

CHARTER COMMUNICATIONS, LLC,

              Defendant.

**MEMORANDUM & ORDER**
23-CV-07383 (HG) (LB)

---

**HECTOR GONZALEZ**, United States District Judge:

    This employment-related action was commenced *pro se* by Plaintiff Onwy Uzoigwe in Queens County Supreme Court on August 23, 2023. ECF No. 1-1 (Complaint). Defendant Charter Communications, LLC (hereinafter "Charter" or "Defendant") removed the case to federal court on September 23, 2023, invoking diversity jurisdiction. ECF No. 1 (Notice of Removal). In the Complaint, Plaintiff alleges that Defendant wrongfully terminated his employment as a field technician with Charter. *Id.* ¶¶ 4, 6. Plaintiff asserts New York law-based causes of action for breach of contract and negligence and a retaliation claim under the New York City Administrative Code ("N.Y.C. Admin. Code"). *Id.* ¶¶ 32–40. On November 22, 2023, Defendant moved to dismiss the Complaint. ECF Nos. 24, 25 (Defendant's Motion to Dismiss and Supporting Memorandum of Law). Plaintiff opposed, *see* ECF Nos. 38, 39 (Plaintiff's Opposition and Supporting Memorandum of Law), and Defendant filed a reply, *see* ECF No. 41 (Defendant's Reply).

    I referred Defendant's motion to Magistrate Judge Lois Bloom for a report and recommendation (the "R&R") as to her findings. *See* January 8, 2024, Text Order Referring Motion. Judge Bloom issued her R&R on March 18, 2024. ECF No. 47 (R&R). On March 27, 2024, Plaintiff filed a motion to vacate the R&R due to a clerical mistake, namely that Plaintiff's

exhibits filed alongside his Opposition were uploaded out of order or not uploaded at all. ECF No. 48 (Motion to Vacate). Judge Bloom denied the motion and directed Plaintiff to file any exhibits that were not uploaded with his objections to the R&R. ECF No. 49 (Order on Motion to Vacate). On April 3, 2024, Plaintiff filed his objections to the R&R. ECF Nos. 50, 51 (Plaintiff's Objections and Additional Exhibits). On April 18, 2024, Defendant filed a response to Plaintiff's objections. ECF No. 52 (Defendant's Response to Plaintiff's Objections). For the reasons set forth below, the Court adopts the R&R in full, grants Defendant's motion to dismiss, and grants Plaintiff leave to amend the Complaint only as it pertains to his breach of contract claim.

## BACKGROUND

The Court assumes the parties' familiarity with the underlying facts and analysis set forth in the R&R. ECF No. 47. Defendant moves to dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b). Fed R. Civ. P. 12(b)(6); ECF No. 24. On March 18, 2024, Judge Bloom recommended that Defendant's motion be granted because (1) Plaintiff's retaliation and negligence claims are time barred, and the statute of limitations for these claims was not equitably tolled, and (2) Plaintiff's allegations and attached filings in support of his breach of contract claim, liberally construed, fail to state a claim because they fail to rebut the presumption that Plaintiff was an at-will employee. ECF No. 47 at 1–13.[1] Judge Bloom recommended that leave to amend be denied as to Plaintiff's retaliation and negligence claims and that leave to amend be granted as to Plaintiff's breach of contract claim. *Id.* at 14.

On April 3, 2024, Plaintiff timely filed his objections to the R&R. ECF Nos. 50, 51. On that same date, Plaintiff also filed additional exhibits he claims were not included in his original Opposition to Defendant's motion to dismiss. *Id.*; *see also* ECF No. 49. Plaintiff does not object

---

[1] The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

2

to Judge Bloom's recommendation that Defendant's motion be granted as to Plaintiff's retaliation claim, and therefore the Court adopts that portion of Judge Bloom's report. ECF No. 50 at 24. However, Plaintiff objects to Judge Bloom's recommendation that Defendant's motion be granted as to Plaintiff's negligence and breach of contract claims. ECF No. 50 at 7–23. Defendant counters that Plaintiff's objection to the dismissal of his negligence claim is meritless and Plaintiff's objections to the dismissal of his breach of contract claim further support that he was an at-will employee. ECF No. 52 (Defendant's Response to Plaintiff's Objections).

## LEGAL STANDARD

### A. District Court's Review of an R&R

The Court must review *de novo* the portions of the R&R to which any party has objected. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C). For any portions of the report "to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record in order to accept it." *Logan v. World Luxury Cars, Inc.*, No. 15-cv-248, 2023 WL 156878, at *1 (E.D.N.Y. Jan. 11, 2023).[2] In considering objections to an R&R, the Court "will not consider new arguments raised in objections . . . that could have been raised before the magistrate but were not." *Liu v. Millenium Motors Sports, LLC*, No. 17-cv-6438, 2021 WL 3463193, at *2 (E.D.N.Y. Aug. 6, 2021); *see also Fischer v. Forrest*, 968 F.3d 216, 221 (2d Cir. 2020) (affirming district court's holding that a party could not raise an argument for the first time in his objections to an R&R). "Further, courts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation." *Lesser v. TD Bank, N.A.*, 463 F. Supp. 3d 438, 445 (S.D.N.Y. 2020).

---

[2] Unless noted, case law quotations in this Order accept all alterations and omit internal quotation marks, citations, and footnotes.

### B. Motion to Dismiss Standard

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court's obligation "to construe a *pro se* complaint liberally" continues to apply "[e]ven after *Twombly*" established the plausibility standard for assessing pleadings. *Newsome v. Bogan*, 795 F. App'x 72, 72 (2d Cir. 2020).

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint," along with any document for which "the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint." *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021).

## DISCUSSION

The Court adopts Judge Bloom's R&R in full. The Court finds no clear error in the portions of the R&R as to which no party has objected, and rejects Plaintiff's objections to Judge Bloom's findings regarding Plaintiff's negligence and breach of contract claims.[3]

---

[3]    Plaintiff also objects to the Court's jurisdiction in this case and claims "jurisdiction lies with the State Court." ECF No. 50 at 11. This issue has already been decided by this Court and

I.      **Negligence Claim**

Plaintiff objects to the dismissal of his negligence claim. ECF No. 50 at 19–23. Plaintiff does not refute that he filed his Complaint outside of the three-year statute of limitations period as prescribed by CPLR § 214, as his claim began to accrue on the date he was terminated by Defendant, January 18, 2020, and he filed the Complaint on August 23, 2023. *See* ECF No. 1-1 (Complaint). Rather, Plaintiff claims the statute of limitations was equitably tolled for a period of 228 days under New York Executive Order ("EO") 202.8, rendering his Complaint timely. ECF No. 50 at 19–23. EO 202.8 suspended "any specific time limit for the commencement, filing, or service of any legal action, notice, motion or other process or proceeding, as prescribed by the procedural laws of the state[.]" N.Y. Exec. Order 202.8 (Mar. 20, 2020). The period was extended until November 3, 2020, for a total of 228 days. N.Y. Exec. Order 202.67 (Oct. 4, 2020).

As Judge Bloom noted, some courts in this Circuit interpret EO 202.8 as providing for a tolling extension for all claims. ECF No. 47 at 7; *see also Johnson v. New York State Police*, 659 F. Supp. 3d 237, 263 (N.D.N.Y. 2023) (finding statute of limitations on a wrongful death claim was "paused" on March 20, 2020 due to EO 202.8). However, this Court has already opined, like other courts in this Circuit, that EO 202.8 *suspended* rather than *tolled* the time period. *See Loeb v. Cnty. of Suffolk,* No. 22-cv-6410, 2023 WL 4163117, at *3 (E.D.N.Y. June 23, 2023); *see also Weingot v. Unison Agreement Corp.*, No. 21-cv-4542, 2023 WL 5152478, at *4 (E.D.N.Y. July 20, 2023) (recommending dismissal of claims as time-barred where EO 202.8

---

it was not an issue as to which Judge Bloom provided a recommendation because it does not relate to Defendant's motion to dismiss. *See* ECF No. 26 (Order on Motion for Remand); December 4, 2023, Text Order (Order on Motion for Reconsideration); December 8, 2024, Text Order (Order on Second Motion for Reconsideration). Because this issue has already been decided, the Court does not address it here.

5

suspended rather than tolled statute of limitations), *report and recommendation adopted as modified on other grounds*, 2024 WL 1191106 (E.D.N.Y. Mar. 20, 2024); *Barry v. Royal Air Maroc*, No. 21-cv-848, 2022 WL 3215050, at *4 (S.D.N.Y. July 8, 2022), *report and recommendation adopted*, 2022 WL 3214928 (S.D.N.Y. Aug. 9, 2022) ("A number of New York courts have held that EO 202.8 "suspended" rather than "tolled" the time periods to which it applied."). This means that EO 202.8 only applies to claims that would have otherwise expired between March 20, 2020 and November 3, 2020. Although EO 202.8 uses the word "toll" in its operative language, the Governor's authority to modify the statute of limitations was derived from the authority vested in him by Section 29-a of New York's Executive Law. Executive Law Section 29-a provides that the Governor has the authority to "temporarily suspend" statutes of limitation during a state disaster emergency. *See* N.Y. Exec. Law § 29-a(1). Section 29-a(2)(d) further provides that, "the [Governor's] order may provide for such *suspension* only under particular circumstances, and may provide for the alteration or modification of the requirements of such statute, local law, ordinance, order, rule or regulation suspended, and may include other terms and conditions." *Id*. (emphasis added). As this Court concluded in *Loeb*, COVID-19 presented a "particular circumstance" warranting *suspension* under Section 29-a(2)(d). 2023 WL 4163117, at *3. Because the Court finds that EO 202.8 acted as a suspension rather than a toll of the statute of limitations, the Court overrules Plaintiff's objection and adopts this portion of Judge Bloom's R&R.

## II. Breach of Contract Claim

Plaintiff also objects to Judge Bloom's recommendation that the Court dismiss Plaintiff's breach of contract claim. First, Plaintiff objects on the basis that the Unemployment Insurance Appeal Board ("UIAB") already decided that Plaintiff was not an at-will employee, and therefore Defendant is collaterally estopped from arguing otherwise under the doctrine of *res judicata*.

6

ECF No. 50 at 11–14. Second, Plaintiff argues that a letter provided by Defendant in 2017 demonstrates that Plaintiff had an employment contract with Defendant and that Plaintiff was not an at-will employee. *Id.* at 16–17. Finally, Plaintiff argues that Defendant had a six-step pre-termination process that prevented Defendant from terminating him at-will. *Id.* at 18–19.[4]

As Judge Bloom noted, to state a breach of contract under New York law, Plaintiff must allege: "(1) the existence of a contract; (2) performance by the plaintiff; (3) defendant's breach; and (4) damages resulting from the breach." *Radar Sports Mgmt., LLC v. Legacy Lacrosse, LI Inc.*, No. 21-cv-5749, 2023 WL 7222736, at *5 (E.D.N.Y. Nov. 2, 2023) (citing *Dee v. Rakower*, 976 N.Y.S.2d 470, 474 (N.Y. App. Div. 2013)). Under New York law, there is a presumption that an employee is hired "at-will," and the employer-employee relationship may be terminated at any time. *Baron v. Port Auth. of New York & New Jersey*, 271 F.3d 81, 85 (2d Cir. 2001) ("In New York, it has long been settled that an employment relationship is presumed to be a hiring at will, terminable at any time by either party."). Nevertheless, the presumption may be rebutted by an employee's showing that: "(1) an express written policy limiting the employer's right of discharge exists, (2) the employer (or one of its authorized representatives) made the employee aware of this policy, and (3) the employee detrimentally relied on the policy in accepting or continuing employment." *Id.* The New York Court of Appeals has warned that "this is a difficult pleading burden, and that routinely issued employee manuals, handbooks and policy statements should not *lightly* be converted into binding employment agreements." *Id.* (quoting *Sebetay v. Sterling Drug, Inc.*, 506 N.E. 919, 922 (N.Y. 1987) and *Lobosco v. New York Tel. Co./NYNEX*, 751 N.E.2d 462, 465 (N.Y. 2001)).

---

[4] Plaintiff also objects to any further mentioning of the alleged "stolen meter" as it related to his retaliation claim. ECF No. 50 at 14–15, 24. As Plaintiff does not object to the dismissal of his retaliation claim, the Court does not address this issue. *Id.*

7

            *A.*     *The UIAB Decision and* Res Judicata

Plaintiff claims that Defendant is barred from relitigating the breach of contract claim under the theory of *res judicata*. "*Res judicata* applies when: (1) the previous action involved an adjudication on the merits; (2) the previous action involved the same parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Hudson v. Universal Studios Inc.*, 235 F. App'x 788, 790 (2d Cir. 2007). Here, an Administrative Law Judge ("ALJ") overruled the UIAB's decision that Plaintiff was disqualified from receiving unemployment benefits because "[t]he credible evidence establishes the claimant's actions [of going home to use the bathroom] did not rise to the level of disqualifying misconduct" under New York Labor Law ("NYLL") § 593(3). ECF No. 1-1 at 20. Because the ALJ's decision was focused on whether Plaintiff was entitled to unemployment benefits, the Court cannot find that there was a prior adjudication on the merits of the instant case, namely, regarding Plaintiff's breach of contract claim. Furthermore, New York law provides that such determinations are not to be preclusive in subsequent proceedings. NYLL § 623(2) ("No finding of fact or law contained in a decision rendered pursuant to this article by a referee, the appeal board or a court shall preclude the litigation of any issue of fact or law in any subsequent action or proceeding."); *see also Pollard v. New York Methodist Hosp.*, 861 F.3d 374, 382 (2d Cir. 2017) ("New York State Labor Law section 623(2) provides that unemployment insurance decisions do not have preclusive effect in subsequent litigation (subject to certain exceptions that are not applicable here)."). Because the previous determination by the ALJ was not a determination on the merits of the instant action and because the ALJ's determination has no preclusive effect on Plaintiff's breach of contract claim in this action, Defendant is not collaterally estopped from litigating this claim.

8

### B. Plaintiff's At-Will Status

Plaintiff argues that a letter he received in 2017 rebuts the presumption that he was hired as an at-will employee. ECF No. 50 at 16. Plaintiff points to the language "Your assignment is permanent so that you will continue in that assignment through and after the end of the strike by Local 3[.]" *Id.; see also* ECF No. 1-1 at 16. The Court disagrees that this wording explicitly limited Defendant's ability to terminate Plaintiff after the strike ended. The 2017 Letter was provided to Plaintiff in the midst of a strike that Plaintiff initially participated in, but later decided not to engage in, and instead returned to work. ECF No. 1-1 at 6–7. The phrase that Plaintiff's assignment was "permanent . . . through and after the end of the strike by Local 3," indicates that Plaintiff's assignment was permanent through the duration of the strike, after which time Plaintiff's assignment returned to an at-will status. The Court thus agrees with Judge Bloom's finding that the 2017 Letter indicates that "plaintiff's employment after the strike was for an indefinite or unspecified term and thus presumably at-will," and therefore the 2017 Letter alone does not rebut the presumption that plaintiff's employment was at-will. ECF No. 47 at 11; *see also Cruz v. HSBC Bank, USA, N.A.*, 5 F. Supp. 3d 253, 256 (E.D.N.Y. 2014) ("New York law has long held that an individual employed for an indefinite period of time is presumed to be at-will, and the employment can be terminated at any time by either party."), *aff'd*, 586 F. App'x 723 (2d Cir. 2014).

The remaining documents submitted by Plaintiff also do not rebut this presumption. To the contrary, the documents further support the presumption that Plaintiff was an at-will employee. First, the 2019 letter Plaintiff received from Defendant explicitly states "[Defendant] may terminate your employment at any time for any reason not prohibited by law or the collective bargaining agreement between [Defendant] and the union, with or without prior

9

notice." ECF No. 39-3 at 8 (February 6, 2019, Letter). Plaintiff does not allege how any collective bargaining agreement he may have entered into would have altered Plaintiff's at-will employment, and therefore none of Plaintiff's allegations support a conclusion that this 2019 Letter modified Plaintiff's at-will employment status in any way. Second, Defendant's Employee Handbook states that "[a]n employment-at-will relationship exists between [Defendant] and its employees, meaning both parties have the right to end the employment relationship at any time, for any reason, with or without cause or notice," which also supports that Plaintiff was an at-will employee. ECF No. 50-1 at 19 (Defendant Employee Handbook). Therefore, even construing Plaintiff's Complaint and his supporting papers liberally, the Court cannot find that Plaintiff has met the "difficult pleading burden" necessary to rebut the presumption that he was an at-will employee. Quite the opposite—Plaintiff's Complaint and supporting papers actually strengthen the conclusion that Plaintiff's employment was at-will. Accordingly, the Court adopts this portion of Judge Bloom's R&R.

### C. Defendant's Termination Process

Plaintiff finally asserts that a November 2017 statement by Defendant's Area Vice President, Ms. Waajeha Aziz, and the "Corrective Action Report" that described the incidents that resulted in Plaintiff's termination, rebut the presumption that Plaintiff was employed at will. ECF No. 50 at 18–19. With respect to Ms. Aziz's oral statement, Plaintiff claims that she explained that there was a six-step process that had to be followed before an employee could be terminated. ECF No. 1-1 ¶ 10; ECF No. 50 at 18. Even accepting Plaintiff's allegations as true, oral assurances do not alter an employee's at-will employment status. *See Wood v. Mike Bloomberg 2020, Inc.*, No. 20-cv-2489, 2022 WL 891052, at *7 (S.D.N.Y. Mar. 25, 2022) (citing cases and holding "under New York law, at-will employees cannot reasonably rely on oral

10

promises of continued employment"), *aff'd sub nom*. *Cordova v. Mike Bloomberg 2020, Inc.*, No. 22-1023, 2023 WL 6119448 (2d Cir. Sept. 19, 2023). Additionally, although the "Corrective Action Report" lists a number of "Level[s] of Action," Defendant may take to address an employee's conduct, *see* ECF No. 50-2 (Corrective Action report), the document does not indicate that any of the actions are compulsory or must be completed in a required order. As a result, "none of the writings identified by [Plaintiff] . . . constitutes a written express limitation on [Defendant's] right to hire, fire, promote, demote, transfer or take any other employment action it deems otherwise appropriate." *Baron*, 271 F. 3d at 85. The Court therefore cannot find that there was an express written policy, or oral assurance incorporated into a written policy, that would have altered Plaintiff's at-will employment. *See Hunter v. Kaufman Enterprises, Inc.*, No. 09-cv-5540, 2011 WL 3555809, at *4 (E.D.N.Y. Aug. 8, 2011) ("Since the Plaintiff fails to plead the existence of any express written policy which limits McDonald's right to discharge an employee, the Court declines to create an exception to New York's at-will employment doctrine and further declines to recognize an action for breach of contract in this instance."). The Court therefore adopts this portion of Judge Bloom's R&R.

  **III. Leave to Amend**

"*A pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin,* 746 F.3d 58, 62 (2d Cir. 2014). Nevertheless, leave to amend may be denied where the Court finds that amendment would be futile. *See, e.g.*, *Huan v. Fauci*, No. 22-cv-07392, 2024 WL 1174538, at *1 (E.D.N.Y. Mar. 19, 2024) (citing cases). Here, the Court agrees with Judge Bloom's finding that granting leave to amend Plaintiff's negligence claim would be futile as the claim is time barred. *See, e.g.*, *Berlin v. Jetblue Airways Corp.*, 436 F. Supp. 3d 550, 567 (E.D.N.Y. 2020) (denying leave to amend common-law tort claims as they

11

were time-barred).  The Court additionally agrees that it is "a very unlikely long-shot" that Plaintiff's breach of contract claim can be amended to state a viable claim, but nonetheless the Court adopts Judge Bloom's recommendation that Plaintiff be granted leave to amend his breach of contract claim.  ECF No. 47 at 14.  Plaintiff shall file an amended complaint regarding his breach of contract claim on or before May 24, 2024.

## **CONCLUSION**

The Court adopts Judge Bloom's R&R in full.  Defendant's motion to dismiss is granted.  *See* ECF Nos. 24, 25.  Plaintiff is granted leave to amend his complaint as it pertains to his breach of contract claim only.  Plaintiff shall file his amended complaint on or before May 24, 2024.  If Plaintiff fails to file an amended complaint on or before May 24, 2024, judgment shall enter, and this case shall be closed.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
April 24, 2024